UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

QUEONTAY DL CHAPMAN,

        Plaintiff,

v.                                             Case No. 25-cv-1668-bhl

MILWAUKEE COUNTY JAIL,
MILWAUKEE DETECTIVES OFFICE, and
MILWAUKEE POLICE DISTRICT 1 JAIL,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Queontay DL Chapman, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Chapman's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Chapman has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Chapman filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The Court concludes that Chapman lacks the assets and means to pay an initial partial filing fee, so his obligation to do so will be waived and his motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### THE COURT'S ANALYSIS

The complaint consists of a rambling inventory of alleged wrongs, many of which are entirely unrelated. Chapman alleges that correctional officers, police, and judges placed a microchip in his nose area to make him look guilty, that "crackhead hobo homosexual people" are calling him a sexual pedophile, and that "they" are trying to force celibacy on him by making women look at bigger genitalia. Under 28 U.S.C. §1915A(b) a court must dismiss a complaint if the complaint is frivolous. A complaint is factually frivolous if "the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they are unbelievable . . . ." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). Chapman's complaint is factually frivolous and therefore must be dismissed.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Chapman believes he can prepare a factually and legally sufficient amended complaint, he may do so by **December 19, 2025**. Alternatively, as the Court explained in its November 19, 2025 order, Chapman may choose to voluntarily dismiss this action by **December 19, 2025,** if he wants to avoid incurring a "strike" under 28 U.S.C. §1915(g). If Chapman neither files an amended complaint nor voluntarily dismisses this action by **December 19, 2025**, the Court will dismiss this action for the reasons explained in this decision and Chapman will incur a strike under §1915(g).

**IT IS THEREFORE ORDERED** that Chapman's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

3

**IT IS FURTHER ORDERED** that on or before **December 19, 2025**, Chapman may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision. Alternatively, by **December 19, 2025**, Chapman may choose to voluntarily dismiss this action if he wants to avoid incurring a strike under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Chapman a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of Chapman shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Chapman's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Chapman is transferred to another institution, the transferring institution shall forward a copy of this Order along with Chapman's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Office of the Sheriff, Fiscal Operations Room 224, 821 W. State Street, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Chapman is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on November 21, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge